## Robson, trustee, *vs.* Harris.

1. On the trial of objections to the return of appraisers setting apart a year's support, the burden of proof is on the caveator. *Prima facie* the return is correct.
2. The caveator is not a competent witness to prove a contract with the deceased, and his own compliance therewith, where such contract is the basis of his objection to the year's support of the widow as assigned by the appraisers.
3. When a party to the case on trial is incompetent to prove the facts on which his title rests, he is incompetent to prove the more general fact of his ownership in connection with such other facts.

November 21, 1888.

Year's support. Burden of proof. Witness. Contracts. Title. Before Judge Hines. Washington superior court. March term, 1888.

Reported in the decision.

J. A. Robson, for plaintiff in error.

O. H. Rogers, *contra.*

Bleckley, Chief Justice.

Harris, a tenant or cropper of Robson, trustee, died. His widow applied for a year's support, under section 2571 of the code. The appraisers made and returned a schedule of the property set apart by them, which included a one-half interest in the crop produced that year (1887) on the premises. It seems Harris died before the crop matured, and perhaps before the work of cultivation was finished. Robson, as trustee, filed objections to the return of the appraisers, setting up title to the crop under a contract with Harris as his cropper, and urging a claim for supplies, etc. furnished to Harris and family. His objections were overruled by the ordinary, and he appealed.

Robson, trustee, *vs.* Harris.

1. At the trial of the appeal, the widow introduced no evidence except the return of the appraisers. Thereupon Robson moved for a nonsuit. The motion was overruled. The return of the appraisers was *prima facie* correct, and it was for the objector to attack it by evidence. It needed no vindication until after thus attacked. Mere objections to it, unsupported by evidence, counted for nothing. In raising the issue of title to the crop in this proceeding, Robson was a plaintiff, not a defendant. The widow could not recover and did not seek to recover the crop from him by having it set apart as a year's support. If it was not the property of her husband's estate without this proceeding, it could not become so by reason of the proceeding had not Robson voluntarily come in to raise that issue. For her to have a year's support set apart out of his property would have been no prejudice to his title. His rights as owner would have been the same afterwards as they were before. *Burks vs. Beall,* 77 *Ga.* 271. And certainly in his character of creditor, the burden was upon him to show that the return of the appraisers was wrong, and not upon her, in the first instance, to show that it was right.

2. Robson produced an instrument of writing purporting to be a contract executed by Harris and himself as trustee, and offered himself as a witness to prove its execution, and that he had furnished Harris and wife, under the contract, supplies amounting to $150.00, as shown by an itemized account, also produced and offered in evidence. He proposed to testify further that none of the account had been paid, and that the crop was his property as trustee, and not the property of Harris. The court held him incompetent as a witness, Harris being dead. Neither the contract nor the item-

Robson, trustee, *vs.* Harris.

ized· 'account being otherwise proved, they also were
excluded.

Was Robson a competent witness to prove the execu-
tion of the contract, and that supplies were furnished
under that contract.? Harris, the· other party to the
contract, was dead, and hence to· permit Robson, the
surviving party, to testify in his own favor, would be to
violate the statute. Code, §3854. It was said the estate
of Harris would not be affected, as his administrator
was not a party to the cause on ·trial. But his widow
was a party, and she represented the estate in this liti-
gation as fully as does an administrator in other cases.
Her year's allowance is put by statute on the footing of
·expenses of administration. Code, §2571, *supra.* Upon
an issue of title raised by Robson, she was before the
court claiming the property in controversy as a part of
the estate of her deceased husband, and if his estate
would not be affected by the result, no case could arise
in which it would be affected. In so far as the year's
support is concerned, she had all the rights and protec-
tion of an administrator, besides those · of a beneficial
ownership in the fruits of the judgment.

3. It is plain from the record; that the title to the
half of the crop in controversy depended on the alleged
contract and the state of the accounts between the land-
lord and his deceased tenant or cropper, whichever he
might have been. This being so, Robson was no more
competent to prove that the whole crop was his, than
to prove the contract and the standing of the account..
To allow him to testify in general terms that the crop
belonged to him, when he was incompetent to testify to
the facts on which his ownership rested, would be an
evasion of the statute. And the same might be said
as to the non-payment of the account. Indeed, so long
as the account was not proved, its non-payment had

no significance and was totally irrelevant.  It is scarcely worth while to add that, unless the contract and the account were proved by competent evidence, they could not be received, and there was no error in excluding them.   There was no offer by Robson to testify separately to any particular part of the account, as, for instance, such items as may have been furnished to Mrs. Harris, either in the lifetime of her husband or after his death.   The offer was, not only to prove it as a whole, but that it all accrued under the alleged contract with the deceased husband.   This appears from the sixth ground of the motion for a new trial.

The verdict was satisfactory to the presiding judge, and we leave the responsibility for it where he did, upon the jury that rendered it.    There was no error in refusing a new trial.

Judgment affirmed.