### OTT v. HUTCHISON.

Where a non-resident dies leaving property in this State, the ordinary of the county in which the property is situated has the right and power to appoint a creditor administrator of his estate, although the proper court of the State or country in which the deceased resided at the time of his death had appointed an administrator. The appointment of such administrator in another State or country is no bar to the appointment of one here, if there. is a creditor and property.       *Judgment affirmed.*
October 14, 1892.

Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1892.

Hutchison applied for letters of administration on the estate of Morrison, deceased, alleging that he left prop--

erty in Fulton county, Ga., and that petitioner was his
creditor.   Ott filed a *caveat* on the grounds that he had
been duly and lawfully appointed administrator of the
estate. of Morrison by the Supreme Court of the Dis-
trict of Columbia whereof Morrison was a resident at
the time of his death, and to appoint another adminis-
trator in Georgia would be contrary to law and an
unnecessary expense to the estate; and that Hutchison
was not a creditor of Morrison, but had property of the
estate in his hands which he wished to keep in his own
control, and made his application merely to obstruct
the proper administration of the estate by the caveator,
etc.   The evidence showed that Hutchison was a cred-
itor of Morrison, who died in Washington, D. C., leaving
property in Fulton county, Ga., and in the hands of
Hutchison when he applied for administration, exceed-
ing in value the amount of his claim.   Before his
application demand was made upon him to turn over
the property to Ott, administrator.   It did not appear
that there was any other creditor of the estate in Georgia.
Ott introduced an exemplified copy of his letters of ad-
ministration, which were admitted to be in due form.
The court charged the jury that if they found from
the evidence that Hutchison, at the time of making his
application, was a creditor of Morrison, and that Mor-
rison then had some estate in Fulton county, Georgia,
the verdict should be for Hutchison; but that if he was
not a creditor, or if Morrison left no estate in Fulton
county, and Ott had been appointed administrator for
Morrison in the District of Columbia, the verdict should
be for Ott.   The jury found in favor of Hutchison, and
by motion for a new trial Ott alleged that this verdict
was contrary to law and evidence, and assigned error on
the instruction given to the jury.   The motion was
overruled, and Ott excepted.

BLALOCK & BIRNEY, for plaintiff in error.
CANDLER. & THOMSON, *contra.*