## LEE *v.* ENGLISH & COMPANY *et al.*

1. On the trial of an issue formed by objections filed by creditors of a deceased to the return of appraisers setting apart a year's support to the widow, the burden of proof is on the objectors, and, where both parties introduce evidence, counsel for the objectors are entitled to open and conclude the argument.

2. In such a trial, where it appears that the year's support was claimed out of certain personal property and 150 acres of land, a verdict setting aside

the personal property and "50 acres of land where dwelling-house now stands" was, as to the land, too vague and uncertain to be capable of enforcement.

3. The grounds of the motion for new trial relating to other questions, so far as they are intelligible, are without merit.

Submitted November 18, 1898. — Decided April 17, 1899.

Application for year's support. Before Judge Smith. Twiggs superior court. March 2, 1898.

*L. D. Shannon* and *Hardeman & Moore,* for plaintiff in error.
*F. Chambers,* contra.

SIMMONS, C. J. Mrs. Lee applied to the ordinary of Twiggs county for the appointment of appraisers to set aside a year's .support out of the estate of her deceased husband. Appraisers were appointed, and made a report which gave her certain personal property and 150 acres of land. Certain creditors of the deceased husband filed in the court of ordinary objections to the report of the appraisers. The case finally reached the superior court by appeal from the court of ordinary.

1. Upon the trial of the case in the superior court, the judge ruled that the burden of proof was upon the objectors, and that they were entitled to the opening and conclusion of the argument. To this counsel for Mrs. Lee excepted, and the ruling was made one of the grounds of her motion for a new trial, the verdict of the jury having been against her. There is some ·confusion in the rulings of this court upon the question of the burden of proof and the right to open and conclude in cases .somewhat similar to this. This particular question, so far as we can ascertain, has never been decided by the court. We ·can find no decision as to the burden of proof in a case where the objectors to the return of the appraisers were creditors of the deceased husband. In the case of *Cheney* v. *Cheney,* 73 *Ga.* ·66, the administrator objected to the return of the appraisers, and this court held that the applicant was entitled to open and conclude the argument. Hall, J., in the opinion of the court, cites several cases where it was held that in an application for ·dower which was resisted by the administrator, the applicant was entitled to the opening and conclusion of the argument. But in the case of *Robson* v. *Harris,* 82 *Ga.* 153, where the

widow of a tenant applied for a year's support out of the crop, and the landlord objected to the return of the appraisers on the ground that the title to the crop was in him under the contract with the tenant, and urged a claim for supplies furnished to the tenant and his family, it was held that the burden of proof was upon the landlord and that he was entitled to the opening and conclusion. In *Gunn* v. *Pettygrew*, 93 *Ga.* 327, the decision in *Robson* v. *Harris* was followed, and the case of *Cheney* v. *Cheney* cited and construed to mean that the applicant for year's support is entitled to the opening and conclusion where the objections are filed by the personal representatives of the deceased husband. Section 5160 of the Civil Code declares that "The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential. If a negation or negative affirmation be so essential, the proof of such negative lies on the party so affirming it." In the present case it appears that the appraisers had reported to the ordinary that the widow was entitled to 150 acres of land, together with certain personalty, the whole valued at $903.50. Whether there was a personal representative to administer Lee's estate does not appear. If there was one, he seems not to have objected to the return of the appraisers. The creditors of Lee filed various objections, alleging that the amount set apart was too large when the size of the estate was considered, and that the property set apart was worth a great deal more than the amount at which it was estimated by the appraisers. Under the ruling in *Robson* v. *Harris*, supra, this report was prima facie correct. When it was filed, it became the duty of the ordinary to issue citation and publish notice, citing all persons concerned to show cause why such application should not be granted; and if no objection was made after the publication of the notice for four weeks, it became his duty to record the return. It will thus be seen that if no objections had been filed to the report of the appraisers within the time prescribed, that report would have become a judgment concluding all persons interested in the estate. The report being prima facie correct, the burden, in our opinion, was upon the objectors to sustain by proof their objec--

tions. Had no proof been offered, the court would have been
authorized to direct a verdict sustaining the appraisers' report.
Their report was analogous to the report of an auditor. The
auditor's report is held to be prima facie correct, and those who
attack it are entitled to the opening and conclusion, because
upon them is the burden of showing its incorrectness. See *Cul-
ver* v. *Hood*, 97 *Ga.* 550, which decided a case originating before
the act of 1894, regulating the practice in such cases. The objec-
tions to the report alleged that it set apart too large an amount,
and that the property set apart was worth much more than
that amount. Under section 5160 of the Civil Code, the bur-
den lies upon the party asserting a fact, and it was essential
that the objectors should establish their objections in order to
overturn the report of the appraisers. It seems clear to us that
the burden of proof was upon them. If they failed to make
good their objections, the verdict would necessarily have been
against them. We think, therefore, that the court was right
in holding that the burden of proof was upon them and that
they were entitled to the opening and conclusion of the argu-
ment.

2. The appraisers set apart certain personal property, appar-
ently all of which Lee died seized and possessed, and 150 acres
of land, valuing the whole as above set out. The land was
not described by lots or by metes and bounds, and, as far as
the record discloses, was all of the land Lee owned at the time
of his death. The 150 acres were valued by the appraisers at
$450, $3.00 per acre. On the trial of the objections, the jury
returned the following verdict: "We, the jury, agree to give
Mrs. N. S. Lee all the personal property set aside by the ap-
praisers, and fifty acres of land where dwelling-house now
stands." The applicant contended, in her motion for new trial,
that the verdict was so vague, uncertain, and unintelligible
that no one could understand from its terms the intention of
the jury. We think this contention is sound. We are aware
that "verdicts are to have a reasonable intendment, and are
to receive a reasonable construction, and are not to be avoided
unless from necessity" (Civil Code, § 5332), but after long and
mature reflection we have come to the conclusion that no judg-

ment or decree could be entered on this verdict so as properly to enforce it. No writ of possession, if such were necessary, could be issued by the clerk directing the sheriff to put the widow in possession of any particular part of this land. As before remarked, it appears that this was the only land of which the husband died seized and possessed. The verdict gives the widow fifty acres where the dwelling-house "now" stands. Whether the dwelling is in the center, at one side, or in a corner of the tract is not disclosed. The lower court seemed to recognize the uncertainty of the verdict, for it appointed commissioners to run off and survey the land so as to give the widow this fifty acres. Had they undertaken to obey the court's order they would have been as much at a loss as to how to enforce the verdict as we are. If the dwelling was situated in the middle of the tract, the commissioners could not have known whether to lay off a circle around the house, circumscribing the fifty acres, or to include the dwelling and run off fifty acres toward one side or corner of the tract. They could not possibly have determined from the verdict what was the intention of the jury as to the location of the fifty acres. They might have given to the widow an entirely different portion of the land from that intended by the jury. They might have run a strip containing fifty acres through the center of the tract and left two fifty-acre lots, one on either side of this strip, entirely separated from each other, and such a division might have rendered these portions much less valuable. With the dwelling in another portion of the tract, similar difficulties would arise in endeavoring to arrive at the intention of the jury. Therefore, giving to the verdict every reasonable intendment, we still think it is so vague and uncertain that it can not be enforced. Upon this ground alone we order a new trial.

3. The other grounds of the motion for new trial we do not pass upon separately. One of them complains of the admission of evidence, without stating what objection was made thereto; some of the others, as transcribed in the record, are wholly or partially unintelligible. In some of the grounds words have been left out and others inserted, so that we can not with certainty arrive at their meaning. Counsel should have examined

this record, either before or after it came here, and have made a motion to have it corrected. Inasmuch as they did not do so, we must decline to pass upon those grounds whose meaning is uncertain. As far as we can understand them, they are without merit. *Judgment reversed. All the Justices concurring.*