## JONES v. COONER.

1. On the trial of an issue formed by objections filed by an assignee of adult children of a decedent to the return of appraisers setting apart a year's support to the widow and minor children, the burden of proof is on the objector.

2. Where an owner of land located in this State is a non-resident at the time of his death, his widow, although a non-resident at the time of her application, may apply in this State to have a year's support set apart in the property of her deceased husband, located in this State. In view of this ruling, as applied to the facts of the case, the charge complained of was harmful error.

JULY 17, 1914.

Application for year's support. Before Judge Conyers. Camden superior court. August 9, 1913.

*S. C. Townsend,* for plaintiff. *D. S. Atkinson,* for defendant.

EVANS, P. J. Mrs. Mary E. Jones, formerly Mrs. J. A. Peeples Jr., for herself and minor children, applied to the ordinary of Camden county to have a year's support set apart in the property of her deceased husband, J. A. Peeples Jr., alleged to have been a resident of that county at the time of his death. The appraisers reported that they had set apart a tract of land of the value of $300, which was the only property of the decedent to be found. J. F. Cooner filed a caveat on the ground, amongst others, that J. A. Peeples Jr., at the time of his death, was a resident of the State of Alabama, and under the laws of that State his widow and children were not entitled to a year's support. The evidence of the caveator related principally to the residence of Peeples in Alabama at the time of his death. A verdict was rendered for the caveator; and the applicant moved for a new trial, which was refused, and she excepts.

1. The court charged the jury that the only issue left in the case was as to the residence of J. A. Peeples Jr., at the time of his death;

and further charged: "In that connection the court charges you that the plaintiff in the case, Mrs. Mary E. Jones,—the burden is on the plaintiff always to establish her right to a recovery by a preponderance of evidence, and that is true in this case; but that is taken along with the further fact that the residence of a party once shown to exist in any one place is presumed to continue in that place until the contrary appears, and there is no issue in this case that at one time the decedent, J. A. Peeples Jr., was a resident of this county." This excerpt from the charge is excepted to on the ground that the burden of proof was not upon the applicant, but upon the caveator. Counsel for the plaintiff in error argues only this ground of his motion for a new trial. If the caveat made a real issue, then the charge was error; because the caveator alleged that applicant was not entitled to a year's support, by reason of the fact that her husband died a resident of Alabama, and under the laws of that State she was not entitled to a year's support allowance. On the face of the proceeding the applicant was prima facie entitled to a year's support, and the caveator undertook to traverse this prima facie right. The burden was on him to sustain his caveat; and the court erroneously instructed the jury to the contrary. *Robson* v. *Harris*, 82 *Ga.* 153 (7 S. E. 926) ; *Gunn* v. *Pettygrew,* 93 *Ga.* 327 (20 S. E. 328) ; *Lee* v. *English,* 107 *Ga.* 155 (33 S. E. 39).

2. But, as the case is to be tried again, we are not to be understood as ruling that the ground of the caveat is good in law. The right of a widow to an allowance out of the estate of her deceased husband is statutory. The statute (Civil Code (1910), § 4041) declares that "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specifically provided, is the provision for the support of the family, to be ascertained as follows: Upon the death of any person testate or intestate, leaving an estate solvent or insolvent, and leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none, without notice), to appoint five discreet appraisers; and it shall be the duty of such appraisers, or a majority of them, to set apart and assign to such widow and children, or children only, either in property or money, a sufficiency

from the estate for their support and maintenance for the space of twelve months from the date of administration, in case there be administration on the estate, to be estimated according to the circumstances and standing of the family previously to the death of the testator or intestate, and keeping in view also the solvency of the estate." The code section is not explicit with respect to the effect of the residence of the decedent in another State at the time of his death, or that of the widow and minor children at the time of the application. But the statute is clear that such allowance is made on the ground that the same is a necessary expense of administration of very high dignity. As remarked by Bleckley, C. J., in *Farris* v. *Battle,* 80 *Ga.* 187, 189 (7 S. E. 262) : "It [the statute] is a branch of the statute of distributions, and prescribes how the estate of a deceased person, to this extent, is to be disposed of. Creditors are left out, and adult children are left out, until this much of the estate is withdrawn from it; then they are admitted for participation in the balance. They have no right to anything except by the statute of distributions. To take at all they must look to the law, and must take according to law. This being so, we consider that the special provision applicable to the widow and minor children gives them this much advantage over other distributees. It makes their part of the estate that much more, and they take it as absolutely and unconditionally and for as long a time as distributees take under the general provisions of the statute. It requires nothing to give a right to this benefit, except the relation of wife or minor child. When that relation exists at the time of the death, the person or persons sustaining it are entitled to make their claim under the terms of the statute, and this court has held that their title becomes absolute." In that case it was held that the family of an intestate who died domiciled in Georgia were entitled to a year's support out of his estate to the exclusion of creditors, although the widow and minor children were not residents of the State and never had been. This ruling was followed in *Maddox* v. *Patterson,* 80 *Ga.* 719 (6 S. E. 581). The court treated the widow's and minor children's right to a year's support as a statutory gratuity dependent solely upon the relation of wife or minor child, without regard to their residence. The same reason which impels a construction that the statute gives this allowance to a nonresident family requires a construction that they are entitled to their

allowance in property of the decedent, in this State, though he may have also been a non-resident of the State at the time of his death. This result follows from the statutory declaration that the allowance is a necessary part of the administration of the estate. Property of a non-resident located in this State is subject to administration in this State. Civil Code (1910), § 4792. This jurisdiction is not lost because of the prior appointment of an administrator by the proper court of the State where the non-resident owner was domiciled at the time of his death. *Ott* v. *Hutchinson,* 91 *Ga.* 31 (16 S. E. 106). The property of a non-resident decedent located in this State being subject to administration here, if administration is had, the expenses of administration embrace the widow's and minor child's right of exemption as provided by the statute. But the statute permits this allowance to the widow and minor child in advance of the grant of administration, and declares that it is a necessary expense of administration, clearly implying that the procedure for setting it apart is regarded as in pursuance of the due administration of the estate. A non-resident widow may assert her dower to land in this State. A non-resident heir may cause an administration of the property of a non-resident decedent for the purpose of having the same distributed according to the laws of distribution. And as the year's support allowance is in addition to the right of the widow and minor children as distributees, they would have the same right to their statutory allowance as they would have to their distributive shares.

In *Mitchell* v. *Word,* 64 *Ga.* 208, the intestate died in Florida, owning personal property in Georgia. The widow removed from Florida to Georgia after her husband's death, and made application for a year's support out of his estate. This court held that by comity the application could be made here, especially if there were no debts against the intestate in the State of his domicile; yet the amount of the allowance would be regulated by the law of Florida. The decision seems to have proceeded on the theory that personal property, wherever it may be, is to be distributed, in case of intestacy, according to the law of the domicile of the intestate. The decision was by two Justices, and Jackson, J., dissented, upon the ground that the year's support of the family is a part of the expenses of administration, and must, therefore, be regulated by the law of the forum where administration is had; and that if administration

be had in Georgia on the estate of a decedent who died in Florida, the amount of such support should be regulated by the law of Georgia and not of Florida.

Where the property out of which the year's support is sought consists of land, there can be no doubt that the law of the State where the land is located must control in its administration. Otherwise it would be to hold that the law of the domicile of a non-resident intestate would control the inheritance laws of this State, in the distribution of land located within its limits. We do not approve the doctrine of the majority opinion in the case of *Mitchell* v. *Word,* supra. If the widow has the right to apply to the Georgia court for an allowance out of property located in Georgia, it would seem that the Georgia law should control the amount of that allowance. We therefore think that a non-resident widow is entitled to apply for, and have set apart, a year's support in land located in this State, owned by her deceased husband, whose domicile was in another State at the time of his death. In view of the fact that the case was made to turn on the issue of the residence of the applicant's husband at the time of his death, the charge was harmful error, in that the jury were instructed in effect that the burden of proof was on the applicant to show that her husband died in Camden county, in order for her to prevail, which would not have been necessary, even if the rule as to the burden of proof had been properly stated. *Judgment reversed. All the Justices concur.*