8067. GRAY v. RAY.

GEORGE, J. **1.** On the trial of an issue formed by objections filed by a creditor of a decedent to the return of appraisers setting apart a year's support to the widow and minor children, the burden of proof is on the objector. *Lee* v. *English,* 107 *Ga.* 152 (33 S. E. 39); *Jones* v. *Cooner,* 142 *Ga.* 127 (82 S. E. 445).

**2.** On the trial of such an issue the following charge to the jury was error: "You have nothing on the face of this earth to do with any judgment of any court in the world; this is a new proceeding, and it is for you to pass on, regardless of what has been done with it anywhere else." The report of the appraisers, which in this case had the approval of the ordinary, was prima facie correct, and the burden was upon the objector to overcome this presumption by evidence. *Robson* v. *Harris,* 82 *Ga.* 153 (7 S. E. 926); *Lee* v. *English,* supra. The charge quoted is error because the judge did not anywhere in his charge refer to the report of the appraisers, and entirely failed to instruct the jury that such report was prima facie correct. The jury could not have understood this charge to refer to anything other than the report of the appraisers.

**3.** On the trial of such issue, the objector offered in evidence a certain mortgage-note, executed by the decedent during his lifetime, and counsel for the applicant conceded that the mortgage-note was relevant for the purpose of showing that the objector was a creditor of the estate, but contended that it did not appear to be a purchase-money mortgage and was not in fact a purchase-money mortgage; to which the court replied: "The law means to pay for the property; to pay the purchase-money, and if you can go around it, that doesn't mean anything." This statement was made in the presence of the jury, and we think it was prejudicial to the rights of the applicant, and tended to unduly influence the jury in arriving at their verdict. This harmful error was hardly remedied by subsequent statements made by the court in again referring to the evidence, or in the charge to the jury.

4. Except as herein indicated, the trial was free from error. For the reasons stated the trial court erred in overruling the motion for a new trial, made by the widow of the decedent.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*

DECIDED MARCH 19, 1917.

Appeal; from Hart superior court—Judge Worley. May 15, 1916.

*A. G. & Julian McCurry, W. L. Hodges,* for plaintiff in error.

*James H. & Parke Skelton,* contra.