### 8048.  YOUNG v. ANDERSON, administrator, et al.

1. On the trial of an issue formed by objections of adult children of a decedent to a return of appraisers, setting apart a year's support to the widow, the burden of proof is on the objectors.
2. The exceptions to the charge of the court are without merit. The verdict is authorized by the evidence, and the court did not err in overruling the motion for a new trial.

DECIDED MARCH 20, 1917.

Appeal; from Bibb superior court—Judge Mathews.  June 23, 1916.

*L. D. Moore,* for plaintiff.

*Minter Wimberly, Jesse Harris,* for defendant.

GEORGE, J.  Mrs. Young made application to the court of ordinary to have assigned to her a year's support from the estate of her husband, T. E. Young.  Appraisers were appointed and a return made, setting aside for the support and maintenance of the widow certain household and kitchen furniture and $2,000 in money; whereupon the children of the deceased husband filed objections to the report of the appraisers, alleging that the amount set apart was excessive.  The issue was passed upon by the ordinary, and an appeal taken to the superior court.  Upon the trial in the superior court the jury reduced the amount allowed for the year's support to $1,020.83, and the applicant made a motion for new trial, which was refused, and she excepts.

The general grounds of the motion for new trial are without merit.  The evidence is sufficient to support the verdict.  Special exception is taken to the ruling of the court in allowing the objectors the right to open and conclude on the trial of the case.  The record discloses, however, that Mrs. Young, the applicant for year's support, had the opening and concluding arguments in the case, but she insists that she obtained this right by failure to offer evidence, and that in order to obtain this privilege she was legally compelled to waive the important right to offer evidence on the trial of the case.  As a matter of fact, the only witness sworn by the objectors was the applicant, Mrs. Young, and upon her evidence alone the case was decided by the jury.  She did, therefore, have the benefit of her own evidence, and her counsel opened and concluded the argument of the case.  On the legal question made the decisions somewhat conflict.  In *Cheney* v. *Cheney, 73 Ga.* 66,

the Supreme Court held that the applicant was entitled to open and conclude the case, but in that case the objections were filed by the personal representative of the estate. In *Lee* v. *English,* 107 *Ga.* 152 (33 S. E. 39), the Supreme Court ruled that the objectors had the right to open and conclude the argument. There the objectors were certain creditors of the decedent, and the court distinguished the ruling in the *Cheney* case, supra, upon the ground that the application for year's support in that case was resisted by the personal representative of the estate, who was also one of the distributees of the estate. Attention was there called to the case of *Robson* v. *Harris,* 82 *Ga.* 153 (7 S. E. 926), where the objector was a creditor, and where it was held that the burden was upon such objector, and that he therefore had the right to open and conclude the argument. It is insisted in the case at bar that the objectors were heirs at law of the intestate, and that they occupied the same relation to the estate as the administrator, and that the applicant was entitled to open and conclude. The case of *Jones* v. *Cooner,* 142 *Ga.* 127 (82 S. E. 445), seems to decide the precise question here involved. In that case an assignee of adult children of the decedent filed objections to the return of appraisers setting aside a year's support to the widow and minor children, and it was expressly ruled that the burden of proof is on the objecting assignee. We conclude that the court rightly ruled that the objectors should open and conclude the case. This conclusion seems to be demanded, both upon reason and authority.

The second ground of the amendment to the motion for a new trial excepts to the charge of the court, in which the jury are instructed that it was their duty "to determine whether or not the objection filed is good; in other words, whether or not the report is correct." This exception is without merit, since the court, in very clear language in the charge, expressly instructed the jury that the report of the appraisers, fixing the amount of the support to be allowed the applicant, was prima facie correct, and the burden was upon the objectors to show that the amount found by the appraisers was in fact excessive. Neither was it error for the court to charge the jury as follows: "The question is simply what is a reasonable amount to be set aside out of the estate to maintain her in the same manner in which she was maintained, according to her circumstances and standing in life." Counsel insists that, the evi-

dence disclosing physical disability of the applicant, brought on by attention given the decedent in his last illness, this charge was error, because it too much restricted the jury in determining the question of a proper allowance to be made to the widow as a year's support. · Physical disability brought on by attention to the decedent in his last illness should be considered by the jury, but the rule by which the allowance is to be determined remains the same, and this estimate must be made according to the circumstances and standing of the family previous to the death of its head; and in making it the solvency of the estate is to be kept in view. *Cheney* v. *Cheney,* supra. The charge of the court excepted to stated the correct rule of law applicable to the issues in the case, and indeed is in the almost exact verbiage of the section of the code providing for a year's support to the widow and minor children of a decedent. Special circumstances occurring and existing during the first year after the death of the head of the family, and illustrating the amount necessary for the support of the widow, should be considered by the jury, but the proper allowance to be made to her must finally be determined according to the circumstances and standing of the family previous to the death of the husband, due regard being had to the solvency of the estate. If the circumstances of the decedent and the standing of his family during his lifetime were such as to warrant reasonable medical attention to the wife in the event such were necessary, if such medical services are required by the widow during the year following the death of the husband they should be considered in fixing the amount to be allowed her as a year's support. The whole amount allowed her should be sufficient to support and maintain her, including necessary medical service, in keeping with the circumstances and standing of the family previous to the death of the husband, due regard being had to the solvency of the estate. None of the reasons assigned by the plaintiff in error authorize this court to set aside the verdict of the jury, which, the size of the estate being considered, is ample, under the evidence in this record, for her support and maintenance. The verdict has had the approval of the trial judge, and his judgment denying the new trial is affirmed.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*