(September 20, 1919.)

MARY W. LEMP, Respondent, v. HERBERT LEMP, Executor, and HERBERT LEMP and BERNARD LEMP, Legatees, Appellants.

[184 Pac. 222.]

APPEAL AND ERROR — MATTERS REVIEWABLE — PROBATE PROCEEDINGS — WIDOW'S ALLOWANCE—WIDOW AS MEMBER OF DECEDENT'S FAMILY— PRIMA FACIE EVIDENCE.

1.   Upon appeal from the probate court to the district court, it is immaterial whether evidence was offered in the probate court.

2.   If such an appeal be taken upon questions of law alone, the district court can review only such questions of law as were raised in the probate court upon the record.

3.   The presumption is that the decedent's widow was a member of his family, and proof of the former fact makes a *prima facie* showing of the latter.

4.   The burden is upon one who objects to the granting of a widow's allowance on the ground that she was not a member of decedent's family, if.the proof shows that she was in fact the widow of decedent.

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Charles P. McCarthy, Judge.

Proceeding on petition for widow's allowance.   Judgment of the district court affirming an order of the probate court granting the allowance.   *Affirmed.*

Alfred A. Fraser and Clinton H. Hartson, for Appellants.

The widow, to take allowance, must bring herself affirmatively within the provisions of the statute.   (*In re Miller's*

*Estate,* 158 Cal. 420, 111 Pac. 255; *Krumenacker v. Andis,* 38 N. D. 500, 165 N. W. 524.) Burden is on the widow to affirmatively prove, especially in the face of objections, every fact on which the right is based. (*Wilson v. Allen,* 108 Ga. 275, 33 S. E. 975; 14 Cyc. 990; *Chapman v. Schroeder,* 10 Ga. 321; *In re Treat's Estate,* 162 Cal. 250, 121 Pac. 1003.)

It is incumbent on petitioner to establish her claim on her own behalf, and Mary W. Lemp failed to affirmatively prove that she was a member of the family, one of the ultimate facts in issue. (*Blythe's Estate,* 99 Cal. 472, 34 Pac. 108; *In re Delaporte's Estate,* 6 Cof. Prob. Dec. 504; *Estate of Mackay,* 3 Cof. Prob. Dec. 318.)

Richard H. Johnson, for Respondent.

"When the appeal to the district court was completed and the case transferred to that court by appeal, the case stood there for retrial, and whether or not evidence was offered in the probate court is of no consequence whatever." (*Estate of Christensen,* 15 Ida. 692, 99 Pac. 829; *Kent v. Dalrymple,* 23 Ida. 694, 132 Pac. 301.)

"If the appeal is taken upon questions of law alone, the district court will review such questions of law as were raised in the probate court upon the record, but will not permit any new questions of law to be raised." (*Estate of McVay,* 14 Ida. 64, 69, 93 Pac. 31.)

The burden of proof was upon the objectors to sustain by legal proof their allegations of desertion. (*Sherwood v. Thomasson,* 124 Ind. 541, 24 N. E. 334; *In re Estate of Edwards,* 58 Iowa, 431, 10 N. W. 793; *Jones v. Cooner,* 142 Ga. 127, 82 S. E. 445; *Linares v. De Linares,* 93 Tex. 84, 53 S. W. 579; *O'Neill's Estate* (Orph. Ct.), 11 Pa. Co. Ct. Rep. 491; *Gray v. Ray,* 19 Ga. App. 510, 91 S. E. 901.)

BUDGE, J.—This is an appeal from a judgment of the district court affirming an order of the probate court of Ada county, allowing respondent, Mary W. Lemp, the petitioner therein, $50 per month out of the estate of decedent, Edward Lemp.

A petition had been filed in the probate court for an allowance of $100 per month, alleging, among other things, that the petitioner was the widow of the decedent. Appellants filed an application for a hearing on the petition, together with their objections to the granting thereof, and a written offer of proof to sustain such objections. This offer contained no denials of any of the allegations of the petition for family allowance, but consisted of certain affidavits attached to the application for a hearing upon the petition. No witnesses were called or examined, and no application was made to the court for a continuance or for additional time within which to procure witnesses. It is admitted that the petitioner was the widow of decedent, and had never, at any time, received any money or property of any kind from his estate since his death.

The appeal to the district court was on questions of law alone. The principal, if not the only, ground relied upon by appellants upon this appeal relates to the fourth objection filed in the probate court, which is as follows:

"For the reason that petitioner is not a member of decedent's family, she having voluntarily separated from him more than two years before his death."

There is only one way in which the evidence can be reviewed upon appeal from the probate court, and that is by an appeal on questions of law and fact. (Rev. Codes, sec. 4836.) Even such an appeal does not properly involve what is commonly understood as a review of the evidence, for in such cases the trial must be *de novo*. Upon this question this court has held that:

"When the appeal to the district court was completed and the case transferred to that court by appeal, the case stood there for retrial, and whether or not evidence was offered in the probate court is of no consequence whatever." (*Estate of Christensen,* 15 Ida. 692, 99 Pac. 829; *Kent v. Dalrymple,* 23 Ida. 694, 132 Pac. 301.)

When, as in this case, the appeal to the district court is upon questions of law alone, that court can review only such

questions of law as were raised in the probate court upon the record. (*Estate of McVay,* 14 Ida. 56, at 69, 93 Pac. 28, 31.)

Appellants lay great stress upon the contention that the showing that respondent was the widow of decedent is not sufficient to establish *prima facie* that she was a member of decedent's family, and insist that the burden was upon respondent to introduce affirmative evidence upon this point. We cannot agree with this contention. In the absence of any showing to the contrary, the presumption is that decedent's widow was a member of his family. The supreme court of Indiana, discussing this point, has said:

"It was not necessary for the claimant to show in her petition that she had not deserted her husband, and that she was not living in adultery at the time of his death. In the absence of averment and proof to the contrary, the presumption is in favor of chastity and that a wife has not abandoned her husband to live in adultery with another." (*Sherwood v. Thomasson,* 124 Ind. 541, 24 N. E. 334.)

To the same effect are *In re Estate of Edwards,* 58 Iowa, 431, 10 N. W. 793; *Jones v. Cooner,* 142 Ga. 127, 82 S. E. 445; *Linares v. De Linares,* 93 Tex. 84, 53 S. W. 579; *O'Neill's Estate,* 11 Pa. Co. Ct. Rep. 491; *Gray v. Ray,* 19 Ga. App. 510, 91 S. E. 901.

All of the foregoing authorities sustain the proposition that the burden is upon the objector to rebut the *prima facie* right of the widow to her allowance, and to sustain the objection thereto based upon the ground that the widow was not a member of decedent's family.

Upon the record before us, it is difficult to see how the district court could have done otherwise than to affirm the order of the probate court.

The judgment is affirmed. Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.