### 17191.  JONES *v.* SIKES *et al.*

BLOODWORTH, J. 1. "An assignment of error complaining of the admission of documentary evidence over objection urged at the time it was admitted should set forth literally or in substance the evidence objected to, or identify it as an exhibit attached and made a part of the bill of exceptions. If it fails to do either, the assignment of error will not present any question for consideration. *Bacon* v. *Howard,* 152 *Ga.* 616 (2) (110 S. E. 888); *Callaway* v. *Beauchamp,* 140 *Ga.* 207 (2) (78 S. E. 846)." *McBurnette* v. *Huff,* 154 *Ga.* 452 (114 S. E. 578). See also *McCollum* v.

Appeal and Error, 3 C. J. p. 1370, n. 33, 34; 4 C. J. p. 838, n. 90; p. 866, n. 51; p. 969, n. 56.

*Thomason,* 32 *Ga. App.* 160 (8), 163 (122 S. E. 800); *Webb* v. *State,* 13 *Ga. App.* 734 (4) (80 S. E. 14). This ruling disposes of special grounds 4, 6, and 7 of the motion for a new trial.

2. In ground 5 of the motion the court is alleged to have erred in allowing certain evidence to go to the jury. There is no merit in this ground. This evidence could not have influenced the jury to return a different verdict, and was harmless. Indeed, in the ground itself it is stated that this evidence is "immaterial and illustrates no issue in the trial."

3. When the pleadings, the evidence, and the entire instructions to the jury are considered, there is nothing in the excerpt from the charge of which complaint is made in the motion that requires the grant of a new trial.

4. A ground of the motion alleges that a member of the jury that tried the case was related within the prohibited degree to one of the plaintiffs. Under the counter-showing made by the opposite party, this court can not say that the trial judge abused his discretion in overruling the motion. See *Buchanan* v. *State,* 118 *Ga.* 751 (9) (45 S. E. 607); *Johnston-Crews Co.* v. *Smith,* 33 *Ga. App.* 25 (125 S. E. 734). Moreover it was claimed by the plaintiff that the defendant waived the disqualification of the juror, and in *McLendon* v. *Clark,* 159 *Ga.* 264 (2) (125 S. E. 447), it was held: "Under the counter-showing the trial judge was authorized to hold that the movants were estopped from setting up the fact of relationship of the juror to the prevailing party as a ground for a new trial, because of the waiver that was made as to disqualification of jurors by counsel for caveators while the jury was being obtained."

5. The jury settled the disputed questions of fact in favor of the plaintiff; the judge who tried the case approved their finding. No error of law was committed upon the trial, and this court is powerless to interfere.

   *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

     DECIDED JUNE 15, 1926.

Claim; from Tattnall superior court—Judge Sheppard. March 26, 1925.

*H. R. Kimbrough, L. C. Anderson, P. M. Anderson,* for plaintiff in error.

*J. Saxton Daniel,* contra.