## 18352. SISK *v.* SISK *et al.*

1. "An assignment of error complaining of the admission of documentary
   evidence over objection urged at the time it was admitted, should set
   forth literally or in substance the evidence objected to, or identify
   it as an exhibit attached to and made a part of the bill of exceptions.
   If it fails to do either the assignment of error will not present any
   question for consideration."
2. "Each special ground of a motion for a new trial must be complete
   and understandable within itself, without reference to any other part
   of the record. This court is not required to look beyond the ground
   itself to learn the facts or to ascertain error."
3. The court committed no error when the return of the appraisers who
   set aside the year's support was allowed to go to the jury.
4. The charge of the court is not subject to any of the attacks, either
   for omission or commission, made upon it.
5. The evidence supports the verdict.

DECIDED NOVEMBER 16, 1927.

Appeal; from Gordon superior court—Judge Pittman. May 30,
1927.

*Henson & Barnett,* for plaintiff.

*Maddox, Matthews & Owens, J. G. B. Erwin,* for defendants.

BLOODWORTH, J. The widow of J. W. Sisk filed an applica-
tion for a year's support. Appraisers were appointed and made

Appeal and Error, 3 C. J. p. 1357, n. 48; p. 1370, n. 32, 33, 34; 4 C. J.
p. 864, n. 33, 34; p. 982, n. 45.
Executors and Administrators, 24 C. J. p. 263, n. 25, 31 New.
New Trial, 29 Cyc. p. 942, n. 95; p. 944, n. 98, 1.

24

their return. To this she filed a caveat. Upon a hearing of the issue the ordinary found in favor of the return, and she appealed to the superior court. The trial there resulted in a verdict in favor of the return of the appraisers. Mrs. Sisk then filed a motion for a new trial, and, upon this being overruled, she excepted.

1. The first ground of the amendment to the motion for a new trial alleges that the court erred in admitting "a copy of the income-tax return of J. W. Sisk for the years 1923 and 1924," over the objection that "the original returns would be the competent evidence." The first headnote in this case announces a well-settled rule of practice. See *Jones* v. *Sikes,* 35 *Ga. App.* 469 (134 S. E. 113), and cases cited; *Roddenberry Hdwe. Co.* v. *Merritt,* 17 *Ga. App.* 425 (2) (87 S. E. 681). The principle announced in the cases cited above disposes of this ground of the motion. Moreover, the introduction of this evidence could not have been harmful to plaintiff in error, because, without objection, two witnesses testified as to what the income of the deceased was for the years 1923 and 1924.

2. The second special ground of the motion alleges error because a witness was allowed to testify as to offers "for that property." What property was referred to? From this ground of the motion it is impossible to tell. Repeatedly this court and the Supreme Court have held that "each special ground of a motion for a new trial must be complete and understandable within itself, without reference to any other part of the record. This court is not required to look beyond the ground itself to learn the facts or to ascertain error." *Russ* v. *State,* 35 *Ga. App.* 476 (133 S. E. 748), and cit. Under the principle here announced, this ground of the motion presents nothing for consideration of this court. Moreover, "value, whether actual or as regulated by the market, is largely a matter of individual estimate or opinion, and liberality should be allowed in the introduction of testimony to prove value." *Morrow Transfer Co.* v. *Robinson,* 8 *Ga. App.* 409 (69 S. E. 317). In addition, this evidence was not of such materiality as to require a new trial of the case. It related to the evidence of only one witness, and to only one piece of property, about the value of which several witnesses testified, and this property was but a small part of an estate appraised at over $59,000.

3. The third special ground of the motion alleges that the court erred in allowing "the report of the appraisers appointed by the court of ordinary and the judgment of the court of ordinary thereon" to go to the jury, over the objection that the trial in the superior court was a de novo investigation. It is clear that the court did not err in admitting in evidence the return of the appraisers. *Robson* v. *Harris,* 82 *Ga.* 153, 154 (7 S. E. 926); *Young* v. *Anderson,* 19 *Ga. App.* 551 (91 S. E. 900). Even should we concede that the judgment of the court of ordinary, if offered in evidence independent of the return of the appraisers, would have been inadmissible, the fact that they were offered in evidence together and the objection was to the two would not be a legal reason why the return should not be admitted. *Joiner* v. *State,* 29 *Ga. App.* 363 (115 S. E. 278), and cit. In *Gray* v. *Ray,* 19 *Ga. App.* 510 (2) (91 S. E. 901), this court held: "The report of the appraisers, which in this case had the approval of the ordinary, was prima facie correct, and the burden was upon the objector to overcome this presumption by evidence."

4. In the light of the testimony and in view of the verdict rendered, there is nothing in either of the grounds of the motion for a new trial which alleges error in the charge, or in any of those based on the refusal to charge, that requires another hearing of the case. Indeed, the charge was favorable to the plaintiff in error.

5. The evidence supports the verdict. Under the evidence the amount awarded the widow is ample for her support and maintenance. Her neighbors and friends thought so, the ordinary agreed with them, and so did the jury, and the judge approved the finding of the jury, and this court will not interfere with the verdict.

*Judgment affirmed.* *Broyles, C. J., and Luke, J., concur.*