## 24461. JACKSON *v.* JACKSON.

JENKINS, P. J.   1. Where the value of an estate exceeds five hundred dollars, a year's support to the widow, or widow and minor child or children, to be set apart under the Code of 1933, § 113-1002, is "to be estimated according to the circumstances and standing of the family previous to the death of the testator or intestate, and keeping in view also the solvency of the estate." On the trial of an issue formed by objections of a legatee to the return of appraisers setting apart a year's support, the burden of proof is on the legatee objecting. *Lee* v. *English,* 107 *Ga.* 152 (33 S. E. 39) ; *Jones* v. *Cooner,* 142 *Ga.* 127 (82 S. E. 445) ; *Gray* v. *Ray,* 19 *Ga. App.* 510 (91 S. E. 901) ; *Young* v. *Anderson,* 19 *Ga. App.* 551, 552 (91 S. E. 900).

2. In the instant caveat, filed by a legatee in a will to a year's support of $2337.50 from an estate of approximately $3500, set apart to a widow, where the jury in the superior court, on an appeal by the caveator from the judgment of the ordinary, reduced the allowance to $1950, it can not be held as a matter of law that this finding was excessive or illegal. While there was conflicting testimony as to the value of the residence house and lot included in the allowance, the amount fixed by the jury was authorized. There was evidence which, although disputed, indicated that the deceased had an income of $200 to $250 a month, was "very liberal with his family," and "provided well for his wife in his lifetime." It also appears that, under the will, the widow was to receive, not only a life estate in the residence, but $1200 of life insurance, and that the administrator, instead of paying this to her, used these proceeds as a part of the estate. There was no evidence with regard to the solvency of the estate. The burden resting upon the caveator to show that the year's support set apart, as reduced by the jury, was not consonant with "the circumstances and standing of the family previous to the death of the testator" and "the solvency of the estate," and the evidence failing to demand, without dispute, a finding in favor of the caveator upon these elements and issues, the court did not err in denying a new trial on the general grounds.

3. Exception is taken to the admission of a written agreement between the widow and the administrator with the will annexed, in which she renounced all right and title to other parts of the estate, provided that the residence house and lot, an automobile truck, and $300 should be set apart to her as a year's support, in addition to the stated additional consideration of one dollar, from which monies she agreed to pay $250 of funeral expenses and the costs of setting apart the year's support, upon the ground that the caveator would not be bound by this agreement because he was not a party thereto. In admitting the paper, the court informed the jury that they should not consider it against the caveator. In view of the variation between their findings and the terms of the agreement, it does not appear that it affected their findings; so its admission under the express instruction of the court could not in any wise have prejudiced the caveator.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 22, 1935.

*James R. Davis,* for plaintiff in error.   *Chester A. Byars,* contra.