500

25817. HILL et al. v. HILL.

DECIDED MARCH 17, 1937.

*Gilbert C. Robinson,* for plaintiffs in error. *C. W. Foy,* contra.

BROYLES, C. J. Mrs. W. M. Hill applied to the court of ordinary for a year's support out of the estate of her deceased husband. The appraisers made their return for $600, citation was issued, and A. O. Hill and Mrs. Paul English filed their caveat. When the objections to the allowance of the appraisers were made, counsel for the applicant, Mrs. Hill, dismissed the application, and the return of the appraisers was vacated. Counsel for Mrs. Hill then filed another application for a year's support, new appraisers were appointed, a return was made for $1000 in land, citation issued, and caveat and objections were filed by the plaintiffs in error to the return of the second set of appraisers. The ordinary made the return of the appraisers the judgment of the court. The caveators appealed to the superior court, and the jury returned a verdict in favor of the applicant in the sum of $750 for a year's support. A motion for new trial was overruled, and on this judgment the objectors assign error. The evidence shows that the applicant waited five years before applying for a year's support; that soon after her husband's death in 1930, she sold a great deal of property belonging to her husband's estate, including mules, hogs, cattle, farming implements, farm products, and household furniture, and appropriated the money to her own use; that she sold two strips of land to the county for road purposes, and appropriated the money to her own use; that she received five years rent from the farm lands; that she received over $3000, out of which some expenses were paid; but, according to the evidence most favorable to the applicant, she has already received a net amount which was more than the jury, or the second set of appraisers, or the first set of appraisers, awarded her as a year's support.

The special grounds of the motion for new trial are largely repetitions and reiterations of other grounds; and we will discuss only such principles invoked and involved, as we deem necessary to a proper determination of the case.

A subdivision of special ground 1 of the motion raises the point that there is no provision of law in this State for the appointment of a second set of appraisers. The caveat alleges that counsel for the applicant, upon objection being made to the year's support, dismissed the application therefor and requested the court to enter an order vacating the return of the first appraisers, which was done; and that *after* the dismissal and *retirement from the court of objectors and counsel for objectors,* the second application was filed and new appraisers were appointed. It should be borne in mind that this was not an application for a second year's support, but was a second application for one year's support, and for new appraisers to be appointed to fix one year's support. We know of no law to authorize the appointment of a second set of appraisers, where the first appraisers have been duly appointed and made a return in accordance with law. Counsel for the applicant testified that the first application was dismissed because "he did not consider that the amount set apart, to wit, $600, was sufficient, and that they wanted to have another set of appraisers pass on this matter." If this procedure were permissible, he could dismiss the second application and vacate the return of the second appraisers, and continue such tactics until he got a return that suited him. "There is no provision, in case the objections are sustained, that the matter be again referred to the same or different appraisers. Where the appraisers file their return with the ordinary, they have discharged their full duty. Their commission becomes functus officio. The statute does not contemplate any further action on their part, or the appointment of new appraisers." *Winn v. Lunsford,* 130 *Ga.* 436, 441 (61 S. E. 9). However, since the law does provide for a year's support, and since the ordinary testified that "the first application for year's support and the return of the appraisers was not recorded, but was destroyed when the second application was filed," and since the trial in the superior court was a de novo investigation in which all pertinent evidence was admissible (Code, § 6-501; *Moody v. Moody,* 29 *Ga.* 519, 521), and it being the superior-court judgment which is assigned as error and which this court is reviewing, we will not go back of that judgment to pass specifically upon the judgment of the court of ordinary permitting this very unusual procedure; but we shall consider it in its relation to the trial in the superior court, and in reaching the decision hereinafter made.

The motion for new trial avers that the court did not sufficiently charge the jury on certain material issues and contentions of movant, to wit, that the applicant kept the property for five years, and appropriated to her own use more than a year's support, and then applied for a year's support in addition to what she had already used, and that she should be charged with the value of what she had already consumed. "While a party can not complain of the failure of the court to give in charge to the jury a request not in writing, he can complain, without any request having been made at all, of the fact that the court has not presented with reasonable fullness and clearness (if this be true) a material and substantial contention made by him." *Whelchel* v. *Gainesville & Dahlonega Ry. Co.,* 116 *Ga.* 431 (3) (42 S. E. 776). "On the trial of a case it is the duty of the court, with or without request, to charge the jury the law applicable to the substantial issues involved; and in the absence of such instruction the verdict will be set aside." *Pusser* v. *Thompson,* 147 *Ga.* 60 (92 S. E. 866). "A widow who has drawn her support from her husband's estate during the year succeeding his death, though it was not formally set apart to her, and though she rendered valuable services to the estate throughout the same period, is entitled to no further allowance by way of a year's support. This she has received, and must obtain compensation, if she be entitled to it, in some other way." *Blassingame* v. *Rose,* 34 *Ga.* 418. "The laws of Georgia allow a widow one year's support for herself and minor children out of the estate of her deceased husband. They do not contemplate that she shall live at the homestead and consume the provisions belonging to the estate, and have a year's support also allowed. Whenever the widow applies for an assignment of the year's support, she must be charged with the value of what she previously consumed." *Wells* v. *Wilder,* 36 *Ga.* 194; *Fulghum* v. *Fulghum,* 111 *Ga.* 635 (36 S. E. 602, 37 S. E. 774). Under the above authority, and the pleadings and evidence in this case, the charge of the court did not sufficiently instruct the jury on the material issues and the contentions of the objectors.

The second special ground of the motion alleges that the judge erred in charging the jury on an agreement between the applicant and the children and stepchildren of the applicant as to her taking the property used by her, as a gift; because on the trial he had

ruled out all evidence pertaining to such an agreement, and the charge was prejudicial and harmful .to movants. While the judge does not approve as correct the conclusions and contentions of a movant he does approve or disapprove the recitals of fact in the motion for new trial. In this case one of the *recitals of fact* was that the judge "ruled out of evidence all testimony touching on an agreement," and that he thereafter charged the jury in regard to the agreement. In his order allowing the amendment to the motion for new trial, the judge said: "The recital of facts in the foregoing amendment . . is hereby approved as true and correct." After having ruled out the evidence as to this agreement, the court erred in charging the jury in regard thereto. It is well to state that this is not a ruling on the admissibility of the evidence as to the agreement.

Ground 8 alleges that the court erred in charging the jury as follows: "Now, gentlemen, the court has charged you that under the law in no event must there be less than $100. Any amount above it, that if you should so determine, she is entitled to it. You may look to any advances made, or rather amounts received by, the widow from the assets of the estate. Take all of these facts in consideration in determining what should be fair and proper to set apart for the widow as a year's support." In giving this charge the court evidently intended to follow the law as embodied in the Code, § 113-1002, which provides a minimum of $100 for a year's support. However, in the light of the pleadings and the evidence in this case, the charge, *as given,* was error. It is true that if the widow was entitled to a year's support, it must have been, under the law, not less than $100; but this charge told the jury, in unqualified terms, that "in no event must there be less than $100," and that they would determine what would be fair and proper to set apart for the widow. This charge virtually directed a verdict in favor of the applicant in an amount not less than $100. It strongly intimated an opinion that the widow had not already received the equivalent of a year's support, as contended by the caveators, which was an issue in the case. Moreover, in view of the judge's charge relative to the children agreeing that the widow should have the money she had already received as a gift, the court's instruction to award the applicant not less than $100 strongly intimated an opinion that the children

had so agreed, though Mrs. English, one of the children and one of the caveators, testified that she did not make such an agreement. Furthermore, the judge, in another portion of his charge, referred to "what amount" the applicant should receive (not what amount, if any), which expression intimated an opinion that the applicant should receive *some* amount, which further substantiates the contention of the movants as set out in ground 8 of the motion.

Ground 9 alleges error, "Because the court, over objections of movants, denied to movants the right for movants' attorney to make the concluding argument to the jury, in that the court, according to movants' contention, erroneously ruled that the burden of proof was on the applicant, whereas, as a matter of law, the burden of proof was on the objectors which gave the objectors' counsel the right to make the closing argument to the jury." The bill of exceptions also shows that "before testimony was offered, the court ruled that the burden was upon the applicant, to which [ruling] objection was interposed by counsel for objectors and which objection was overruled." "On the trial of an issue formed by objections filed by creditors of a deceased to the return of appraisers setting apart a year's support to the widow, the burden of proof is on the objectors; and where both parties introduce evidence, counsel for the objectors are entitled to open and conclude the argument." *Lee* v. *English,* 107 *Ga.* 152 (33 S. E. 39). "On the trial of an issue formed by objections filed by an assignee of adult children of a decedent to the return of appraisers setting apart a year's support to the widow and minor children, the burden of proof is on the objector." *Jones v. Cooner,* 142 *Ga.* 127 (82 S. E. 445) ; *Robson* v. *Harris,* 82 *Ga.* 153 (7 S. E. 926). "On the trial of an issue formed by objections of adult children of a decedent to a return of appraisers, setting apart a year's support to the widow, the burden of proof is on the objectors." *Young* v. *Anderson,* 19 *Ga. App.* 551 (91 S. E. 900). Under the foregoing authorities the burden was on the caveators successfully to traverse the prima facie right of the applicant to a year's support; and the court erred in holding to the contrary and in denying to the objectors the right to open and conclude the argument. The foregoing authorities are differentiated from the case of *Cheney* v. *Cheney,* 73 *Ga.* 66, because

in the *Cheney* case "the objections were filed by the personal representative of the estate." See *Young* v. *Anderson,* and *Lee* v. *English,* supra. The court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*