McGHEES & COMPANY *vs.* McCUTCHEN & KIRKSEY.

Though a partner has no right to apply the firm assets to his individual debt without the assent of his copartner, yet where the latter testifies as a witness and does not deny that he gave his assent in one instance out of two, and where the circumstances call for such denial if consistent with truth, and the opportunity of making it was so ample, a new trial may contribute to clear up the justice of the case.

May 13, 1889.

Partnership. New trial. Before Judge MEYERHARDT. City court of Floyd county. December term, 1888.

Reported in the decision.

DEAN, EWING & SMITH, by HARRISON & PEEPLES, for plaintiff in error.

E. P. REED, *contra.*

BLECKLEY, Chief Justice.

The suit was by McCutchen & Kirksey against McGhees & Company, for the price of a car-load of cross-ties and a car-load of lumber. It seems that the order for both was given by McKee, who was a clerk or agent of McGhees & Co. The evidence indicates that the sale of both was made by Kirksey as an individal, and that the lumber was sold to McKee but shipped to McGhees & Co. by mistake. It was proved that according to the original contract, the price of the ties was to be credited on Kirksey's account with McGhees & Co., and it was also proved that, after the mistake in shipping the lumber was discovered, it not being such as McKee wanted, Kirksey directed McKee to sell the same and credit the proceeds on the same account. There is no question that this was done, and that in point of fact Kirksey's account with McGhees & Co. was credited with both car-loads, the ties and the lumber. The recovery be-

low was had on the theory that Kirksey, dealing with the firm property of McCutchen & Kirksey, had no right to apply the same to his individual debt. The question whether such application, in the absence of notice to the individual creditor, is valid, may be found discussed in 1 Lindley on Partnership, Am. ed. 1888, bot. pages 228, 229 and 269 *et seq.*, notes : 1 Bates Part. §410 ; 2 *Id.* §§1036–1046 ; *Wiley vs. Allen*, 26 *Ga.* 568. And see Code, §1913. There is no doubt that such an application may be effectual where the copartner consents to it ; and in this case McCutchen was a witness ; and although he testified that he got the order to send the ties from Kirksey, he did not say or insinuate that he did not understand the whole terms of the order as given by McGhees & Co. through McKee. Kirksey told McCutchen that McKee would let the firm have supplies for the lumber, but so far as appears, did not say that the firm was to get anything for the ties. If McCutchen understood that the price of the ties was to be credited on the account of Kirksey with McGhees & Co., and sent them forward accordingly, he ought to submit to that mode of accounting for them. On another trial he may explain this more fully than has been done. Another advantage from a second trial will be that it will afford opportunity to give notice to McGhees & Co. to produce the bills of lading which it is alleged the firm of McCutchen & Kirksey sent to them after the ties and lumber were shipped. We think it will contribute to substantial justice to have the case tried over. If when McCutchen shipped the ties he did not know of the contract made with Kirksey to credit the same on his, Kirksey's, account why did he not so testify ? He stated what Kirksey told him as to the lumber; why did he not also state what he said as to the ties ?

Judgment reversed.