Gray, survivor, *v.* Church & Brother.

1. Where, in the sale of chattels, the selling firm and the buying firm have a common member, who sells the property as his own in payment of his pre-existing debt, his copartners in each firm being ignorant of his connection with the other, the proper accounting between the two firms on equitable principles is to leave the transaction to stand as to such common member's interest in the property, but for the latter firm to account to the other members of the former for their interest in the same.

2. The difference in price or value, as shown by the evidence, being inconsiderable in its effect on general result, a new trial is not required.

Simmons, J., not presiding, because of sickness.

December 13, 1889.

Partnership. Debtor and creditor. Notice. Title. Fraud. Equity. Evidence. New trial. Before Judge Milner. Catoosa superior court. February term, 1889.

Reported in the decision.

W. H. Payne and R. J. McCamy, for plaintiff in error.

R. M. W. Glenn, W. E. Mann and McCutchen & Shumate, *contra.*

Bleckley, Chief Justice.

Wilson, being a partner with Church & Brother in

the ownership of certain cattle, sold the beef from the same to Gray & Co., of which firm he was a member. The other members of this firm did not know that he was connected with Church & Brother in the ownership of the beef, nor did Church & Brother know he was a member of the firm of Gray & Co. He was indebted to the purchasing firm at the time, and sold the beef to it as his own property, and as a payment upon his indebtedness. Delivery was made by Church & Brother to an agent of Gray & Co., whilst this ignorance on both sides existed, and credit was given to Wilson in his account on the partnership books of Gray & Co. for the value of the beef at $4\frac{1}{2}$ cents per pound. The firm of Gray & Co. consisted of two members besides Wilson. One of these two having died, Church & Brother brought suit against the survivor, upon an account for the beef at $5\frac{1}{2}$ cents per pound. Being still ignorant that Wilson was connected with Gray & Co., they joined him as a plaintiff in the action, describing him as a partner with themselves in the contract of sale. Afterwards, they amended their declaration by striking him as a party plaintiff, inserting him as a party defendant, and reducing their claim to one half of the account in suit. This amendment was not objected to, and a trial being had upon the declaration as amended, a verdict was rendered in favor of the plaintiffs for one half of the account. A new trial being refused, this writ of error was brought.

1. Wilson, a common member of two firms, the one selling and the other buying, misapplied the assets of the former by applying them to his own debt due the latter. Of this misapplication the latter had notice through him. His knowledge was its knowledge. After the beef became the property of the purchasing firm, it was still his property as a partner in that firm; and his fraud certainly adhered to it in so far as his interest as a partner in that firm was concerned. Could

the partnership as such acquire a pure title when the share in that title of one of the partners was tainted with moral fraud? We think not. McClurken v. Byers, 74 Penn. St. 405. True, he acted in equal bad faith towards his copartners in this firm by concealing the title of the selling firm and disposing of the beef as his own, but this concealment deprived them of nothing only the gain of collecting so much of a pre-existing debt due the partnership as half the value of the beef represented. They parted with neither money nor property in the transaction. The verdict rendered in this case leaves the interest of Wilson in the beef to stand as a credit on his account with Gray & Co. This, it seems to us, does full justice between the two partnerships on the principles of natural equity. We see not how a more righteous result could be reached under all the circumstances. The case is one not within the range of ordinary legal remedies; only equitable relief could be afforded, and that has been administered by the finding of the jury. Had Wilson not been a member of the buying firm, then, according to some authorities, that firm would have acquired the full title for lack of notice of any interest of Church & Brother in the ownership; but even in that case, the weight of authority is perhaps the other way. 1 Lind. Par. bottom page 272 et seq., notes; 1 Bates Par. §410; 2 Id. §§1037, 1046; Wise v. Copley, 36 Ga. 508; McGhees v. McCutchen, 82 Ga. 788; Clarke v. Farrell, 80 Ga. 622.

2. It was urged in the argument that the evidence showed that the market value of the beef was 4½ cents, not 5½ cents per lb. This is probably true, but there was testimony that Wilson named the latter in reporting to Church & Brother, and that other beef had been settled for by Gray & Co. at this price. Moreover, the difference is one of only a few dollars in the aggregate of the recovery, and is too inconsiderable to require a new trial.          *Judgment affirmed.*