24040. DANIEL *v.* FIRST NATIONAL BANK OF CLAXTON *et al.*

STEPHENS, J. 1. It was not error for the court to fail to exclude evidence where the matter objected to had already been testified to by the same witness without objection and had also appeared without objection in the testimony of the objecting party as a witness in the case. Where, upon the trial of an issue arising out of a caveat to the return of appraisers who were appointed to set aside a year's support to a widow out of her deceased husband's estate, a witness had testified that the deceased had indorsed a designated note upon which the witness was the maker, and that afterwards the witness and the deceased had traded some property, and that the deceased was to take up the indebtedness represented by the note, and that it appeared from the note that the deceased had made some payments on it, that the witness had borrowed money upon the property which he traded to the deceased and that this note represented the money which the witness had borrowed, and that the witness had made this deed to the deceased to the land which the witness had traded to him, and where the applicant in her testimony had testified that the note was "part of the consideration for the property described in this deed" [meaning the same deed], it was not error for the court to admit in evidence, over the objection of the applicant that the evidence related to a transaction with a deceased person and for this reason was not admissible, under section 5858 of the Civil Code of 1910, testimony that it was a part of the consideration of the trade between

the witness and the deceased that the deceased was to take up the note. See *Robson* v. *Harris*, 82 *Ga.* 153 (2) (7 S. E. 926) ; *Gunn* v. *Pettygrew*, 93 *Ga.* 327 (20 S. E. 328).

2. Upon the trial of an issue in the superior court formed by caveators, who are creditors of the estate, to the return of appraisers setting aside a year's support, the burden of proof is upon the caveators, and they are entitled to open and conclude the argument. *Lee* v. *English*, 107 *Ga.* 152 (33 S. E. 39). See *Gunn* v. *Pettygrew*, supra; *Cheney* v. *Cheney*, 73 *Ga.* 66, 69. The court therefore did not err in allowing the caveators the opening and the conclusion. Since the amount of money or property to be set aside to a widow and children as a year's support, as provided in section 4041 of the Civil Code of 1910, is "to be estimated according to the circumstances and standing of the family previously to the death of the" husband, "keeping in view also the solvency of the estate," an inquiry into the circumstances and standing of the family, for the purpose of setting aside a year's support to the widow, must be limited to the circumstances and standing of the family as affected by the estate of the deceased husband. Therefore, upon the trial of an issue formed by a caveat to the return of the appraisers setting aside a year's support, evidence of the size of the estate and amount of property owned by the wife individually during the lifetime of the husband is immaterial and irrelevant. Evidence as to the independent means of the wife derived by inheritance from her father was properly excluded.

3 The appraisers appointed as required under section 4041 of the Civil Code of 1910 to set aside a year's support for a widow and minor children are required to set aside "either in property or money a sufficiency from the estate for their support and maintenance for one year." While in so doing it may be necessary, when setting aside specific property, that the appraisers have in mind its value as a sufficiency for the support of the family, either in itself or when taken in connection with money set aside, it is not required by law, nor is it essential to the return, that the appraisers specifically find the value of the property, or in the return place a value upon the property. The same rule should necessarily apply to a verdict of the jury in the superior court on an appeal from a judgment of the court of ordinary, where a caveat was filed by creditors to the return of the appraisers. Since it is not required that the specific property set aside as a year's support should be of any specific value, but only that it be a sufficiency, either in itself or when taken in connection with money, for the support of the applicants for one year, the jury, in setting aside specific property for a year's support, may, from the general nature and description of the property as it appears from the evidence, without any evidence otherwise as to its value, make a general estimate of the value of the property and determine its sufficiency as respects its value for a year's support. Where a portion of the property set aside in the verdict by the jury for a year's support consisted of a designated number of goats, a designated number of head of cattle, two wagons, "farming implements," and six tons of cottonseed, each of which was specifically valued in the verdict, and where the same property was set aside for a year's support by the appraisers in their return, which was in evidence, in which it was so

specifically described and was specifically valued, but at valuations different from the valuations placed by the jury, the verdict of the jury, in so far as it placed upon the specific items of property described therein a value in excess of that which was placed upon the same described items by the appraisers in the return, was not, upon this ground, invalid as being without evidence to support it. A verdict which sets aside as a year's support specifically designated property, each item of which is in the verdict specifically valued by the jury, together with a designated sum of money, is not, in so far as it estimates the value of the property set aside in a sum in excess of the estimated value of the same property contained in the return of the appraisers, invalid or without evidence to support it, in the absence of any evidence as to the value of the property. Where the property set aside by the jury as a year's support consisted in specific property valued at $750 and $750 in cash, where certain items of the property that were set aside both by the jury and by the appraisers in their return were valued by the jury in excess only in the amount of $33 of the valuation placed thereon by the appraisers, this small discrepancy of $33, when taken in connection with the estimated value of $750 placed by the jury upon the specific property set aside, even if it was unauthorized, was inconsiderable in its effect upon the general result, and does not invalidate the verdict. See *Gray v. Church*, 84 *Ga.* 125 (2) (10 S. E. 539, 20 Am. St. R. 348).

4. This is an appeal to the superior court by an applicant for a year's support, from a judgment of the court of ordinary, where a caveat had been filed by the creditors to the return of the appraisers. The verdict setting aside certain property and money as a year's support was authorized by the evidence, and it does not appear conclusively from the evidence and as a matter of law that the property and money set aside was insufficient as a year's support.

5. No error appears, and the court did not err in overruling the applicant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

Decided February 26, 1935.

*Kirkland & Kirkland, R. H. Burroughs,* for plaintiff.
*R. M. Girardeau,* for defendants.