## 55981. WILLIAMS et al. v. STEWART.

BELL, Chief Judge.

Plaintiff sued the defendants, the Sheriff of Clarke County and one of his deputies, for "falsely, illegally, and negligently" arresting and detaining plaintiff. A jury returned a verdict for plaintiff for $1,000. *Held:*

1a. The defendants enumerate as error the denial of their motion for directed verdict. The defendant deputy sheriff on September 13, 1977, reported for duty at 3 p. m. and found in his "warrant box" for execution a bench warrant commanding the arrest of "Claude Stewart" for his failure to appear at the call of his case in the State Court of Clarke County. The warrant did not contain a physical description of the party to be arrested nor an address but did reflect that an accusation had been preferred against "Claude Stewart" in the state court for theft in May 1977 and that he had been released on a $500 recognizance bond. The deputy went to the state court office but found no one present. He left a note requesting the arrest warrant for Claude Stewart which he received the next day. He also checked the current arrest booking reports in the sheriff's office and found nothing furnishing the address of Claude Stewart. The telephone company directory assistance gave the deputy information that a Claude Stewart resided in Hull, Georgia. Based on this, he proceeded from Athens to Hull and arrested Claude Stewart, the plaintiff. Plaintiff protested to the defendant deputy that he had the wrong man but nonetheless he was taken to the sheriff's office in Athens in the patrol car. After arrival, the deputy checked some other inactive arrest files that he had not previously examined and ascertained that he had arrested the wrong Claude Stewart. The party to whom the warrant was directed resided in Statham, Georgia. Plaintiff was then returned to his residence by the deputy. Where there are two persons of the same name as that stated on the warrant of arrest within the bailiwick, the officer who is to execute the warrant must make diligent inquiry as to which person was intended to be arrested and if he decides the question in good faith he does not commit the tort of false imprisonment even though he mistakenly arrests the

wrong person. *Blocker v. Clark,* 126 Ga. 484 (54 SE 1022). The failure to exercise ordinary care in such a situation is inconsistent with good faith. *Blocker v. Clark,* supra. The deputy's failure to obtain accurate information as to the correct identity from both the state court and his own office authorized the jury to find that the deputy did not exercise due diligence and good faith. As the deputy was acting under the color of office in making the arrest, the sheriff was also liable for the negligent act of his deputy. *Chadwick v. Stewart,* 94 Ga. App. 329 (94 SE2d 502). Accordingly, there was no error in denying the motion for directed verdict.

b. The plaintiff in his complaint alleged that as a result of this incident he had suffered severe mental and emotional upset. This was a claim for mental pain and suffering under Code § 105-2003. In his testimony, the plaintiff admitted that he suffered no monetary loss or physical injury and made no claim that the defendants' conduct toward him was malicious. Thus plaintiff's whole case was based on negligence. Damages for mental pain and suffering are allowable in a negligence case only when there is an actual physical injury to the person or a pecuniary loss resulting from an injury to the person which is not physical. *Westview Cemetery v. Blanchard,* 234 Ga. 540 (216 SE2d 776). Thus the plaintiff has shown no basis for a recovery of damages for mental pain and suffering. However, the absence of any evidence on the question of mental pain and suffering does not require a reversal as plaintiffs in false imprisonment cases may recover nominal damages. *Mitchell v. Malone,* 77 Ga. 301. Thus, we cannot hold that there is a complete absence of any evidence to support an award of nominal damages.

2. The trial court charged the jury on Code § 105-2003 which authorizes recovery for mental pain and suffering. As there was no evidentiary basis for a recovery for mental pain and suffering, this instruction was erroneous.

3. The court charged the jury that the burden of proving the exercise of ordinary care in ascertaining the identity of the person arrested was on the defendant deputy. This was error. The defendants asserted a general

denial of plaintiff's allegations of their negligence. The burden was on the plaintiff to show that the negligence of the defendants was the cause of his loss and once he made out a prima facie case, the burden of proof to show diligence or ordinary care did not shift to defendants. This was reversible error. *Farmers State Bank v. Kelley,* 159 Ga. 280, 282 (125 SE 467).

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

ARGUED MAY 22, 1978 — DECIDED OCTOBER 5, 1978 — REHEARING DENIED NOVEMBER 2, 1978 — 

*Griffeth, Henry & Marshall, Andrew H. Marshall, J. Hue Henry,* for appellants.

*Alan M. Alexander, Jr., James W. Smith,* for appellee.