## 57798. RAWLINS et al. v. RAWLINS.

DEEN, Chief Judge.
Sam Rawlins died leaving an estate which consisted primarily of a 40-acre tract of land with a house, plus certain personal property. By will he left to his wife a life estate in the holding with remainder over to his adult sons. The sons were appointed joint executors without bond and with power to sell any or all of the estate for the support of the widow. Mrs. Rawlins made application for year's support and was awarded the home (in which she was living) plus the surrounding tract of land. The award was made subject to a caveat by appellant Sam Rawlins, one of the sons and co-executor of the estate. The probate judge on the trial of the caveat denied it on all grounds, these being that the award is excessive and the application for year's support an attempt to frustrate the intent of testator by awarding the widow a fee simple interest rather than a life estate in the property. Appeal to the superior court resulted in a jury verdict approving the appraisers' return. The trial judge denied the motion for new trial and this appeal follows.

1. It is first urged that the award of the 40-acre tract containing the homestead as year's support is excessive as a matter of law, based on the testimony of the caveator that the property had a value of $250,000 and that his mother's maintenance in her station of life was not more than $10,000 or $15,000 per year. This estimate is not

supported from other sources, and a jury, in assessing the veracity of the witness, may take into account his interest in the result of the case. *Jordan v. Fowler,* 104 Ga. App. 824, 828 (123 SE2d 334) (1961). On the other hand, the caveator testified that a comparable piece of property adjoining the tract in question was given to him by the deceased in 1970 and was sold by him, the tax stamps indicating a value of $25,000. Further, the applicant for year's support testified that the farm land produced no cash income, was not feasible for subdivision, has on it a six room house over 25 years old which needs roof and other repairs, and that the furniture in the home was purchased by her out of her own funds. Beyond this it appears that the house and land had in fact been placed on the market for sale at a price of $250,000 after the testator's death and no inquiries had been received.

Insofar as the appellant complains of the fact that the jury was aware the applicant for year's support received a life estate in the house and surrounding tract of land, it is to be observed both that testimony on this subject was introduced without objection, and that although the appeal to the superior court is a de novo proceeding (Code § 6-501) the caveator did not in that court raise the issue that the jury was prejudicially influenced by knowledge that only the remainder estate was in fact at issue since the will granted the widow a life interest regardless of year's support. We make no determination of what a proper ruling might have been had the question been raised; failure to do so settles the question adversely to the appellant. *Ingram v. Rooks,* 221 Ga. 701 (1) (146 SE2d 743) (1966). "The question of the value of property is peculiarly one for the jury. Jurors are not required to accept as correct opinion evidence of value even where there is no other evidence of facts and data upon which the jury might base an independent conclusion." *Hoard v. Wiley,* 113 Ga. App. 328 (3) (147 SE2d 782) (1966). We cannot hold the verdict excessive as a matter of law.

2. Where, as here, no objection is made to the charge of the court when given, this court will examine an enumeration complaining of an instruction given only where there is a substantial error so blatantly apparent and prejudicial as to in all likelihood result in a

miscarriage of justice. *Durrett v. Farrar,* 130 Ga. App. 298 (8) (203 SE2d 265) (1973). The complaint here, not objected to prior to verdict, is that the court erroneously cast the burden of proof on the caveator son rather than the applicant widow. Although we do not think this was determinative of the outcome of the case, we have read the cases cited and are of the opinion that there was no error committed. It is true that some of the early three judge cases of the Supreme Court appear to be contradictory on this issue. The cases are discussed in *Lee v. English & Co.,* 107 Ga. 152 (33 SE 39) (1899) and are reconciled on the principle that, whether or not there is a personal representative administering the estate, the report of the appraisers setting a sum as year's support is prima facie correct. After such report is in evidence, regardless of who the caveator is, the applicant is prima facie entitled to the amount found by them and the burden is necessarily upon the objector to convince the jury otherwise.

That *Lee* should control over the contradictory opinions of the earlier cases see Code § 6-1611 and *Hall v. Hopper,* 234 Ga. 625 (3) (216 SE2d 839) (1975) giving precedence to the later ruling where such rulings conflict.

3. There were two co-executors of this estate. Only one is involved in this litigation. There was no harmful error in allowing testimony that the other had declined to be a party to the caveat.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED MAY 7, 1979 — DECIDED JUNE 13, 1979 — REHEARING DENIED JULY 3, 1979 —

*Cheeley & Chandler, Richard B. Chandler, Jr.,* for appellants.

*Webb, Fowler, Tanner & Edmondson, Jones Webb, J. L. Edmondson,* for appellee.