## 62462. SAVANNAH VALLEY PRODUCTION CREDIT ASSOCIATION v. CHEEK.

MCMURRAY, Presiding Judge.

This case involves an application for year's support out of the estate of the decedent who allegedly died testate on January 31, 1977, his will having been probated in solemn form with an executor and trustee duly appointed. The petition was filed in the court of probate

on October 31, 1979. Petitioner alleges she is the surviving widow and there are no minor children. Appraisers were duly appointed and sworn and awarded the widow the sum of $15,000, the same being a one-third undivided interest in and to certain real property, and all household furniture and other personal effects.

Savannah Valley Production Credit Association, a creditor of the decedent, filed a caveat, which was later amended, alleging the award and return were excessive, the property set aside is worth considerably more than the value placed upon it, the widow has already received support from the estate and has received the use of the property, all of which should be credited toward the year's support; the same is necessarily inconsistent to the extent that the widow must be forced to elect between the provisions of the will and the acceptance of the award; the award unreasonably defeats the rights of creditors, and the year's support should be made subject to the just debts owed by the estate. The caveat also attacks the award, and the statute upon which it is based, upon certain constitutional grounds both state and federal, and that a period in excess of two years has elapsed from the date the executor of the estate was appointed, hence, the award clearly violates the letter and the spirit of the law which authorizes the support and maintenance of the widow for a space of 12 months from the date of administration. It further contends that at the time of filing the widow petitioner was not dependent upon the testator or his estate for her support.

The widow answered the caveat by denying each and every allegation and paragraph of same.

The matter came on for a hearing after several continuances, the probate court finding same was without foundation and dismissed the caveat.

The caveator appealed to the superior court from the order and judgment against it. The widow then filed a motion for summary judgment based upon her affidavit and the pleadings, attaching a copy of the entire probate proceedings and setting forth inter alia the facts and circumstances surrounding the proceedings in the court of probate among which is the fact that the property had been devised to their children, the same being a one-third undivided interest in real property. In opposition to the motion an affidavit of the manager of the caveator's local office was filed, setting forth the affiant's expert opinion based upon his expertise and familiarity with farm, timber and agricultural lands in the community, as well as the fact that he was a certified appraiser, and his inspection of the land (entire tract comprising 115 acres) in question shows same to be of a fair market value of approximately $74,000 with approximately $2,000 to $5,000 worth of pulpwood on the property, hence a one-third

undivided interest in same would be "$24,666.00, not including timber and pulpwood," and that the statute may very well be unconstitutional for stated reasons by reason of information received from his employer's attorneys. The widow then filed numerous objections to the affidavit. She also moved to dismiss the caveat as amended contending same was without merit and legally insufficient, based upon numerous objections thereto. Another affidavit in opposition to the motion for summary judgment was filed by an individual who deposed that the award of $15,000 was excessive based upon his "knowledge and familiarity of the circumstances of said family," contending same exceeds an amount which would reasonably be necessary for the support and maintenance of the widow for a period of 12 months. Whereupon, the widow likewise filed numerous objections to this affidavit. The widow's motion for summary judgment was granted, and the caveator appeals. *Held:*

1. There appears to be no enumeration of error as to the constitutionality of the statute or its application nor has the caveator obtained a ruling thereon. An appeal has been brought for review to this court rather than the Supreme Court. We, therefore, have jurisdiction. An application for year's support on appeal to the superior court (a de novo investigation) is subject to a motion for summary judgment. *Woodall v. First Nat. Bank of Columbus,* 118 Ga. App. 440 (1) (164 SE2d 361). See also *Taylor v. Donaldson,* 227 Ga. 496, 497-499 (1) (181 SE2d 340).

2. The application, as well as the caveat, shows that the estate has been kept together for more than a year, and expert opinion has been produced showing the award to be excessive. There is an issue of fact as to whether the estate is still being administered, although same was filed within three years from the date of the death of the deceased.

Out of an abundance of caution, we submitted certain certified questions to the Supreme Court with reference to the use of expert and nonexpert opinion evidence in summary judgment cases. The answers to same are found in *Savannah Valley Production Credit Assn. v. Cheek,* 248 Ga. 745 (285 SE2d 689), but do not require a different view of the case here than the law already established. Accordingly, expert opinion testimony, not being essential under the particular facts of the case sub judice, may not be used to support the grant of a motion for summary judgment, but same may create a jury issue in opposition to a motion for summary judgment. See *General Motors Corp. v. Wilson,* 120 Ga. App. 156, 157 (169 SE2d 749); *Ginn v. Morgan,* 225 Ga. 192 (2), 193 (167 SE2d 393); *Harrison v. Tuggle,* 225 Ga. 211 (2), 213 (167 SE2d 395). Thus, despite the general rule that conclusions of the affiant may be disregarded, there is evidence here

showing opinion testimony of an expert as to valuation, and the superior court erred in granting the motion for summary judgment, particularly so, as this must evidence be construed more favorably in opposition to the motion. See *Giant Peanut Co. v. Carolina Chemicals,* 129 Ga. App. 718, 719 (1) (200 SE2d 918); *D. H. Overmyer Co. v. Joe Summers Roofing Co.,* 120 Ga. App. 188, 189 (169 SE2d 821).

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 22, 1982.

*Robert D. Matthews,* for appellant.
*Joseph S. Skelton, Walter E. Leggett, Jr.,* for appellee.