## 63722. HODSDON v. WHITWORTH et al.

McMurray, Presiding Judge.

This is the second appearance of this case in this court. See *Hodsdon v. Whitworth,* 153 Ga. App. 783 (266 SE2d 561), wherein the direction of a verdict in favor of the defendants was reversed by this court.

The case involves a suit for damages in three counts. In Count 1 plaintiff alleged a conspiracy and attempt to wrongfully foreclose a deed to secure debt wherein it contained no power of sale. Plaintiff sought general and punitive damages and attorney fees. Count 2 alleged the publication of the foreclosure advertisement with the knowledge of its falsity, injured plaintiff in his trade and business and was therefore libelous. General and punitive damages and attorney fees were sought in this count. Count 3 sought damages for the invasion of his right of privacy, likewise seeking general and punitive damages and attorney fees.

Our rulings in Divisions 1, 2 and 3 of *Hodsdon v. Whitworth,* supra, with reference to the original trial in which a directed verdict was granted was that there had been an illegal foreclosure and the issue of damages as to plaintiff's reputation, invasion of privacy and libel remained for jury determination and as to whether or not the indebtedness was prematurely accelerated, that is, "whether or not the grantor [the plaintiff] had been given 30 days written notice of the grantee's election to declare the debt in default giving the grantor the opportunity to bring payments current and if said payments not be made grantor was to quitclaim to the grantee all of his remaining interest in said property."

On the return of remittitur the case was tried for the second time. At that time attention was called to the court by the defendants to the fact that this court had declared it to be an illegal foreclosure "in judicio" and the defendants then admitted "that it was an illegal foreclosure without malice," hence, the only issue was as to the damages, if any. The opposing counsel objected to the language "malice," the plaintiff contending it was an "intentional, wrongfully illegal foreclosure." The purpose of the admission by the defendants was to obtain the opening and concluding argument. The plaintiff argued that since he had the burden of proving damages, the plaintiff had the right to open and conclude. Thereupon, the defendants admitted not only that there was an illegal foreclosure, but that the advertisement was in violation of the plaintiff's privacy and the advertisement in the paper amounted to libel, again insisting they were entitled to opening and concluding arguments. Whereupon, the trial court reserved its ruling until a later point in the trial. At the

completion of all evidence the trial court ruled that the defendants would be allowed opening and closing arguments in the case.

At the conclusion of the trial a verdict and judgment were returned in favor of the defendants, and the plaintiff appeals alleging error in the allowance of the defendants' right to open and conclude the argument, the verdict was the result of gross mistake or undue bias, same was inadequate as a matter of law, contrary to the evidence, and the trial court erred in entering judgment for the defendants. *Held:*

1. "The right to the concluding argument is and has always been regarded [certainly by the lawyers] as vital and valuable; and when claim is made that it has been wrongfully withheld from a party in litigation, the courts will readily inquire into it." *Hines v. Donaldson,* 193 Ga. 783, 789 (1) (20 SE2d 134). "The right to open and conclude to the jury is an important right, and the presumption is that the party to whom it has been improperly denied has been injured." *Phelps v. Thurman,* 74 Ga. 837 (no proper plea of justification but merely to the "general issue"). The right to open and conclude turns upon the question of evidence, that is, involves the question upon whom the burden of proof rests. If the burden was upon the plaintiff, then the plaintiff had that right to open and conclude. *Buchanan v. McDonald,* 40 Ga. 286, 288. See also Code §§ 38-103; 105-1801. The latter Code section involves the issue of a plea of justification, that is, "if the defendant was authorized by law to do the act complained of, he may plead the same as a justification," thereby admitting the act to be done and be entitled to all the privileges of one holding the affirmative of the issue and provides that it shall be filed before the plaintiff submits any evidence to the jury trying the case. See *Baldwin v. Davis,* 188 Ga. 587 (3), 590-591 (4 SE2d 458); *Brunswick & Western R. Co. v. Wiggins,* 113 Ga. 842 (2), 845-848 (39 SE 551). At pages 846-848 the latter case holds that the defendant must not only admit doing the act, but must go further and admit every material allegation which would authorize the plaintiff to recover without proof on his part, the amount of damages claimed, "unless the defendant introduces no evidence." So long as any portion of the burden remains with the plaintiff, it has not shifted to the defendant. See also *Little v. Dolvin,* 25 Ga. App. 264 (103 SE 35); *State Hwy. Dept. v. Smith,* 111 Ga. App. 292 (141 SE2d 590). Being under a plea of justification the defendant must admit enough to entitle the plaintiff to a verdict. See *Brunswick & Western R. Co. v. Wiggins,* 113 Ga. 842 (2), supra. That is, a prima facie case must be admitted. *Horn v. Sims,* 92 Ga. 421 (2) (17 SE 670); *The Augusta Factory v. Barnes,* 72 Ga. 217 (2); *Chapman v. Atlanta and W. Point Railroad,* 74 Ga. 547; *Stewart v. Williams,* 243 Ga. 580 (255 SE2d 699), revd. s.c.

*(Williams v. Stewart,* 147 Ga. App. 841 (250 SE2d 515)). In the case sub judice, however, there was no admission of a prima facie case so as to authorize damages to the plaintiff. In this case there was an unliquidated demand for damages, general and punitive, and attorney fees. Further, it was not shown that the defendant was authorized by law to do the act complained of, the foreclosure of the deed to secure debt, including the advertisement and alleged breach of privacy. There simply was no proper plea of justification here so as to authorize the defendants to open and conclude. The court erred in granting them such right. Compare *Rigden v. Jordan & Stewart,* 81 Ga. 668 (1, 2) (7 SE 857); *Horn v. Sims,* 92 Ga. 421, supra; *Horton v. Pintchunck,* 110 Ga. 355 (2), 358 (35 SE 663); *Kickasola v. Jim Wallace Oil Co.,* 144 Ga. App. 758, 760 (6) (242 SE2d 483); *Stewart v. Williams,* 243 Ga. 580, supra; *Bennett v. Haley,* 132 Ga. App. 512, 519 (208 SE2d 302).

2. As a new trial will be necessary in this case the remaining enumerations of error are not considered as same may not occur again.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 2, 1982.

*Truett Smith,* for appellant.
*Andrew J. Hill, Jr., James H. Wood, Margaret N. Dyal,* for appellees.