## 74204. BRIGHT et al. v. KNECHT.
(357 SE2d 159)

BEASLEY, Judge.

Carl Knecht, widower of Naomi Knecht, filed an application for a year's support out of her estate. Appraisers were appointed and they set aside Naomi's home with a net value of $22,000 as Carl's year's support. Naomi's children and heirs filed a caveat to the application and sought to set aside the appraisers' award. The probate court judge overruled the caveat and appeal was taken to the superior court.

Applicant moved for summary judgment in the superior court, based upon the probate court record, two affidavits and applicant's deposition. Caveators filed an affidavit of one of the children in opposition to the motion. The trial court granted applicant's motion for summary judgment and this appeal by caveators followed.

An appeal of an application for a year's support award by a probate court is a de novo proceeding in the superior court. See OCGA §§ 5-3-2 and 5-3-29. As such, "the appeal is subject to the established procedures for civil actions . . . , thus entitling a party to invoke summary judgment." *Woodall v. First Nat. Bank of Columbus*, 118 Ga. App. 440 (1) (164 SE2d 361) (1968). Accord *Savannah Valley &c. Assn. v. Cheek*, 161 Ga. App. 365, 367 (1) (288 SE2d 633) (1982). See *Taylor v. Donaldson*, 227 Ga. 496 (181 SE2d 340) (1971).

OCGA § 53-5-2 (prior to its amendment effective July 1, 1986) provided: "It shall be the duty of the appraisers . . . to set apart and assign to the spouse and children . . . a sufficiency from the estate for their support and maintenance for the space of 12 months . . . to be

estimated according to the circumstances and standing of the family prior to the death of the testator or intestate and keeping in view also the solvency of the estate."

Caveators contend the award was excessive and that applicant failed to establish the circumstances and standing of the family at the time of Naomi's death. It is urged that the proof submitted to the trial judge did not justify an award of $22,000.

This argument overlooks a fundamental concept with regard to a year's support application. Where excessiveness of the award is the sole issue involved, the return of the appraisers is prima facie correct, the burden is upon the party disputing the return to show otherwise, and in the absence of evidence tending to show the circumstances and standing of the family before the testator's death or as to solvency of the estate, a verdict sustaining the return is demanded as a matter of law. *Wilson v. Wilson*, 54 Ga. App. 770 (1) (189 SE 71) (1936); *Rogers v. Woods*, 66 Ga. App. 195, 196 (4) (17 SE2d 283) (1941); *Rawlins v. Rawlins*, 150 Ga. App. 534, 536 (2) (258 SE2d 187) (1979); *Lee v. English & Co.*, 107 Ga. 152 (33 SE 39) (1899); *Smith v. Smith*, 115 Ga. 692 (2) (42 SE 72) (1902).

With the appraiser's return, applicant had established a prima facie case. The question was not whether he introduced other sufficient proof to establish that the return was not excessive, but whether caveators introduced any evidence that the award was excessive.

Once the moving party for summary judgment has carried its burden of making out a prima facie case, the burden shifts and the opposite party must come forward with rebuttal evidence or suffer judgment against him. *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357) (1977); *Harrison v. Massey-Ferguson Credit Corp.*, 175 Ga. App. 752, 753 (1) (334 SE2d 352) (1985).

The sole proof offered was an affidavit by one of the caveators. He affirmed that Naomi's sole income for several years prior to her death was a monthly social security check for $150, and that the only funds Naomi received from applicant were $550 per month which she used to provide both of them with the necessities of life, including food, clothing and shelter.

This proof failed to raise an issue regarding the circumstances and standing of the family with respect to standard of living or regarding the solvency of the estate. Thus, summary judgment was properly granted to applicant. See *Adkins v. Adkins*, 168 Ga. App. 151 (2) (308 SE2d 432) (1983).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 6, 1987.

*Keith W. Benning*, for appellants.

*George R. Rushing,* for appellee.