## 76255. REESE v. REESE.
### (369 SE2d 351)

SOGNIER, Judge.

Mary O'Hara Reese filed an application for year's support as the widow of Charles Wayne Reese in the probate court of Richmond County. The administrator for the estate, Charles Douglas Reese, filed a caveat to the return of the appraisers setting aside a year's support, asserting that the decedent and Mary O'Hara Reese had divorced approximately two years prior to the decedent's death and thus she was not the decedent's legal widow. The probate court, after a hearing on the issue, granted the application for year's support, whereupon appeal was taken by the administrator to the superior court of Richmond County. Upon trial, the jury returned a special verdict finding that Mary O'Hara Reese was not the common law wife of the decedent and not entitled to year's support. The trial court denied Mary O'Hara Reese's motion for a new trial and she appeals.

1. Appellant contends the trial court erred by denying her motion for a new trial on the general grounds. There was evidence adduced at trial that when appellant contacted the funeral home to make arrangements for the decedent's burial, she identified herself to the funeral home employee as "Mrs. O'Hara," the "ex-wife" of the decedent. Other evidence admitted at trial included three checks written by the decedent within approximately a month before he died that were made payable to and endorsed by "Mary O'Hara" as well as various legal documents, such as deed documents, signed within months of the decedent's death by appellant, denominating herself as "Mary O'Hara." " 'We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. [Cit.] Where the testimony of the plaintiff and the defendant is in conflict, the jury is the final arbiter [cit.], and after the verdict is approved by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies. [Cits.]' [Cit.]" *Concrete Constr. Co. v. City of At-*

*lanta*, 176 Ga. App. 873, 874 (2) (339 SE2d 266) (1985). There being some evidence to support the finding of the jury, the trial court did not err by denying appellant's motion for new trial on the general grounds.

2. Appellant contends the trial court erred by denying her motion for new trial, as amended, on the basis that the trial court erroneously allowed appellee the opening and closing argument to the jury. "The right to open and conclude turns upon the question of evidence, that is, involves the question upon whom the burden of proof rests. If the burden was upon the plaintiff, then the plaintiff had that right to open and conclude. [Cits.]" *Hodsdon v. Whitworth*, 162 Ga. App. 793, 794 (1) (293 SE2d 70) (1982). Appellee here was the caveator to the return of the appraisers setting aside a year's support and to the probate court's judgment in favor of appellant on her application. In *Daniel v. First Nat. Bank of Claxton*, 50 Ga. App. 632, 633 (2) (179 SE 152) (1934), it was stated that "[u]pon the trial of an issue in the superior court formed by caveators . . . to the return of appraisers setting aside a year's support, the burden of proof is upon the caveators, and they are entitled to open and conclude the argument." We find *Weeks v. Gwinnett County Bd. of Tax Equalization*, 139 Ga. App. 37 (227 SE2d 865) (1976), cited by appellant, to be distinguishable from the case sub judice in that appellant, unlike the parties in *Weeks*, was entitled to a prima facie presumption that the report of the appraisers setting a sum as year's support was correct and thus, "[a]fter such report is in evidence, regardless of who the caveator is, the applicant is prima facie entitled to the amount found by them and the burden is necessarily upon the objector to convince the jury otherwise." *Rawlins v. Rawlins*, 150 Ga. App. 534, 536 (2) (258 SE2d 187) (1979).

Since we find the trial court did not err by allowing appellee the opening and the conclusion, *Daniel*, supra, we need not address whether appellant timely asserted her right to make the opening and closing argument so as to call into effect " '[t]he rule . . . that this right to open and conclude must be claimed before testimony by the other party is submitted.' [Cits.]" *Intl. Indem. Co. v. Coachman*, 181 Ga. App. 82, 90 (6) (351 SE2d 224) (1986).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 11, 1988.

*Christopher G. Nicholson*, for appellant.
*A. Stephenson Wallace*, for appellee.