A06A1836. IN RE ESTATE OF AVERY.
(637 SE2d 504)

SMITH, Presiding Judge.

Larry James Avery, Jr. appeals from the superior court's grant of summary judgment in favor of Kathy Avery on her petition for year's support. We find no error and affirm.

Kathy Avery, the surviving spouse of Larry James Avery, Sr., filed a petition for a year's support in the Baldwin County Probate Court. The deceased's son, appellant Larry James Avery, Jr., filed a pro se letter with the court alleging only that "I feel that Kathy Avery is not compotent [sic] nor responsible enough to handle such dealings." The probate court notified appellant that it would temporarily accept the letter as a caveat, but explained that the letter was invalid because it was not verified and not served on opposing counsel. The court allowed him 30 days to correct the deficiencies. After almost 60 days with no response, Kathy Avery filed a motion to dismiss the caveat, and on July 5, 2005, the probate court granted the motion in a final order, noting that appellant failed to cure the deficiencies. In the same order, the court granted Kathy Avery's petition for year's support.

Appellant, through counsel, appealed the probate court's decision to the superior court, and the case was transferred on July 25, 2005. On January 23, 2006, Kathy Avery moved for summary judgment, which the superior court granted, prompting this appeal.

Appellant argues that he was denied a de novo hearing in the superior court to "contest the amount to be set aside to [Kathy Avery]." OCGA § 5-3-29 provides that "[a]n appeal to the superior court in any case where not otherwise provided by law is a de novo investigation. It brings up the whole record from the court below; and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not. Either party is entitled to be heard on the whole merits of the case."

The record reveals that after the case was transferred to the superior court, appellant never presented argument or evidence to contest the amount sought by Kathy Avery. Even if appellant was entitled to a hearing under OCGA § 5-3-29, he never urged the trial court hold such a hearing in the six months following the filing of his notice of appeal. And prior to any hearing on the matter, Kathy Avery moved for summary judgment, which she was entitled to do as an appeal in superior court "is subject to the established procedures for civil actions." (Punctuation omitted.) *Bright v. Knecht*, 182 Ga. App. 820 (357 SE2d 159) (1987). Even when given the opportunity to rebut Kathy Avery's claim that she was entitled to a year's support, appellant failed to use that opportunity to raise his arguments to contest "the amount to be set aside." He filed a late response to her motion for summary judgment arguing only that he was entitled to a de novo hearing. Because the record reveals that appellant had ample opportunity to raise all issues in the superior court, his argument here is without merit.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 18, 2006.

*Shane M. Geeter*, for appellant.

*Westmoreland, Patterson, Moseley & Hinson, Bradley G. Pyles*, for appellee.